# In the United States Court of Federal Claims

No. 22-1456

Filed: July 7, 2023

|  |  |
|---|---|
| BRIAN ANDREW CLARK, | ) ) ) |
| *Plaintiff,* | ) ) |
| v. | ) ) |
| THE UNITED STATES, | ) ) ) |
| *Defendant.* | ) ) ) |

**ORDER**

      Brian Clark alleges that a "Glens Falls" police officer "coerced and intimidated Crystal Mabb . . . with false info" after Mr. Clark called 911 because Crystal was "going through changes" related to her "post pardom [sic] pregnancy." ECF No. 1 at 1. He also alleges that various employees of the Warren County Jail "are in knowledge and deem fit involved with I Brian Clark's injuries, lack of care, harassment, retailiation [sic], medical malpractice, misleading information." *Id.* at 2. Mr. Clark requests this court "to dissolve and or modify criminal courts unwanted Restraining order preventing Crystal and Brian to be parents" as "[t]his criminal order has and is violated [sic] all of our families constitutional and Civil rights." *Id.* He alleges that the order and incarceration "caused hardships overall and during Covid" and "slandered" him. *Id.* at 3. He claims that the Washington and Warren County District Attorneys acted maliciously, and that there was "vindictiveness" and "unjust procedures." *Id.* He requests "preliminary review, financial compensation, injunction, anything further just and proper." *Id.*

      According to the docket, attempts to serve Mr. Clark with filings have been returned as undeliverable because Mr. Clark was no longer in custody. The Court has also searched the New York State Department of Corrections website and it states that Mr. Clark has been released from custody. The Court has no updated contact information for him. It is unclear what filings he has received because he never responded to the Government's motion to dismiss. The Court, therefore, may dismiss this action under Rule 41 for failure to prosecute. In any event, this Court clearly lacks jurisdiction to hear any of his claims and dismisses this action on that basis.

      First, this Court lacks jurisdiction over entities other than the United States. *United States v. Sherwood*, 312 U.S. 584, 588 (1941). This Court therefore "lacks jurisdiction over any claims alleged against states, localities, state and local government entities, or state and local government officials and employees." *Harvey v. United States*, 149 Fed. Cl. 751, 765 (2020) (citations and internal quotation marks omitted). As a result, "if the relief sought is against

others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court." *Sherwood*, 312 U.S. at 588.  Plaintiff only pleads injuries stemming from state court proceedings, county jail employees, and local police officers.  *See* ECF No. 1.  He does not plead anything regarding the United States.  These matters are beyond this court's jurisdiction.

   Second, this Court lacks jurisdiction over criminal matters.  *See, e.g.*, *Jones v. United States*, 440 F. App'x 916, 918 (Fed. Cir. 2011) ("To the extent that [the prisoner] asked the [Court of Federal Claims] to review any of the judgments of the Minnesota state and federal courts with respect to his criminal case, the [Court of Federal Claims] does not have the authority to review such decisions.") (citations omitted).  This includes requests for financial compensation based on a conviction, *see Carter v. United States*, 228 Ct. Cl. 898, 900 (1981) ("[The plaintiff] cannot here be heard to make a collateral attack on his convictions under the guise of a claim for money damages."), and claims that a conviction violated constitutional rights, *id.* ("If plaintiff had valid constitutional defenses to his convictions on criminal charges, he should have asserted them on appeal in the proper court.").  Plaintiff alleges police coercion and intimidation.  *See* ECF No. 1 at 1.  He requests review a of criminal restraining order and "financial compensation, injunction, anything further just and proper."  *See id.* at 2.  He also alleges a criminal order violates his constitutional and civil rights, citing 42 U.S.C. §§ 1983, 1988.  Such matters are beyond this court's jurisdiction.

   Finally, the Tucker Act provides this Court jurisdiction only over claims "not sounding in tort."  28 U.S.C. § 1491(a)(1).  Because "[t]he Tucker Act specifically excludes claims 'sounding in tort' from the jurisdiction of the [Court of Federal Claims]," this Court cannot hear these claims.  *Harvey v. United States*, 845 F. App'x 923, 926 (Fed. Cir. 2021).  Plaintiff alleges several tort claims: "injuries, lack of care, harassment, retailiation [sic], medical malpractice, misleading information," hardships, malicious action, vindictiveness, slander, and unjust procedures.  *See* ECF No. 1 at 2-3.  Such matters are beyond this court's jurisdiction.

   For the reasons stated above, the Court dismisses Plaintiff's complaint, ECF No. 1, without prejudice pursuant to Rules 12(b)(1) and 41(b).  The Clerk of the Court is directed to enter judgment accordingly.

IT IS SO ORDERED.

                   s/ Edward H. Meyers
                   Edward H. Meyers
                   Judge