# In the United States Court of Federal Claims

No. 22-1456

Filed: March 24, 2025

|  |  |
|---|---|
| BRIAN ANDREW CLARK, | ) |
| *Plaintiff*, | ) |
| v. | ) |
| THE UNITED STATES, | ) |
| *Defendant*. | ) |

## ORDER

    Plaintiff Brian Clark, appearing pro se, originally sought relief from alleged misconduct by state officials and state courts.  ECF No. 1.  The court previously dismissed this case for lack of subject-matter jurisdiction and for failure to prosecute.  ECF No. 13.  Mr. Clark filed another document in March 2025 that the court construes as a motion for reconsideration.  ECF No. 21.  The court denies the motion.

    The court previously held it lacks subject-matter jurisdiction over Mr. Clark's complaint.  ECF No. 12.  To prevail on a motion for reconsideration, Mr. Clark must show "exceptional circumstances . . . based on a manifest error of law or mistake of fact."  *Jackson v. United States*, 664 F. App'x 922, 925 (Fed. Cir. 2016) (internal quotation marks omitted) (quoting *Kaplan v. United States*, 115 Fed. Cl. 491, 493 (2014)).  Mr. Clark may demonstrate such exceptional circumstances exist if "(1) there has been an intervening change in controlling law; (2) previously unavailable evidence has been discovered; or (3) reconsideration is necessary to prevent manifest injustice."  *Maehr v. United States*, 767 F. App'x 914, 916 (Fed. Cir. 2019) (internal quotation marks omitted) (quoting *Heritage of Am., LLC v. United States*, 77 Fed. Cl. 81, 82 (2007)).

    Mr. Clark's motion for reconsideration requests that "out of state or higher out-side judiciaries be aware of possible misconduct and[/]or malice as mentioned in previous [l]itigation[]."  ECF No. 21.  In Mr. Clark's complaint, he alleges coercion, intimidation, harassment, retaliation, medical malpractice, misrepresentations, slander, malicious acts, and unjust procedures by police officers, by Warren County Jail employees, by the Washington and Warren County District Attorneys, and by the state courts.  ECF No. 1 at 1-3; *see also* ECF No. 12 at 1 (summarizing Plaintiff's allegations).  As the court's dismissal order explains, this court lacks jurisdiction over claims against parties other than the United States, criminal matters, and tort claims.  ECF No. 12 at 1-2.  Mr. Clark's motion for reconsideration that seeks to make this

court aware of "misconduct and[/]or malice" does not raise new grounds for jurisdiction over his complaint, but raises the same concerns as his complaint. Thus, the court still lacks subject-matter jurisdiction over Mr. Clark's claims because they relate to conduct by parties other than the United States, criminal matters, and alleged tortious acts. *See* 28 U.S.C. § 1491(a); ECF No. 12 at 1-2.

The court also dismissed this case under Rule 41 of the Rules of the United States Court of Federal Claims for failure to prosecute. ECF No. 12 at 1. The court observed in its dismissal order that attempts to serve Mr. Clark "have been returned as undeliverable," and the court did not have Mr. Clark's "updated contact information." *Id.* Mr. Clark has now filed two additional documents with this court indicating his effort to prosecute his claims. ECF Nos. 16, 21. In his motion for reconsideration, he also provides the address of the Washington County Jail where he is currently incarcerated and his home address where he will reside upon release. ECF No. 21. Thus, Mr. Clark appears to be attempting to prosecute his claims. Insofar as Mr. Clark seeks reconsideration of the court's dismissal based on Rule 41, the court denies-as-moot his motion for reconsideration because the court does not have subject-matter jurisdiction over his claims.

For the foregoing reasons, the court DENIES Plaintiff's motion for reconsideration, ECF No. 21. Because the court's orders have been returned as undeliverable, the court DIRECTS the clerk's office to update Plaintiff's address on the docket to match the address listed below and to serve Plaintiff, Brian Andrew Clark, with (1) a copy of the full docket sheet, (2) the court's dismissal order, ECF No. 12, (3) the resulting judgment, ECF No. 13, and (4) this order, at the following address:

> Washington County Jail
> ATTN: Brian Andrew Clark
> 399 Broadway
> Fort Edward, New York 12828.

It is so ORDERED.

s/ Edward H. Meyers
Edward H. Meyers
Judge

2